533 A.2d 514

Middlesex United Presbyterian Church in the United States of America, an unincorporated ecclesiastical congregation, now by merger known as Presbyterian Church, U.S.A., by George McLaughlin and LaVerne Bartley, Trustees ad Litem and Middlesex Presbyterian Church, a non-profit corporation under the laws of the Commonwealth of Pennsylvania, by George McLaughlin and LaVerne Bartley, Trustees ad Litem, Appellants v. Middlesex Presbyterian Church, an unincorporated ecclesiastical congregation; Rev. Earl F. Fair, Pastor, et al., Appellees.

Argued October 7, 1987, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Lee A. Montgomery,* with him, *Lee C. McCandless, James E. Kerr,* for appellants.

*Roger C. Wiegand,* with him, *Kenneth K. Kilbert, Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY JUDGE DOYLE, November 18, 1987:

Appellants appeal from an order of the Court of Common Pleas of Butler County, which granted a motion for summary judgment filed by Appellees. The issue before the trial court was identical to the one raised before us and concerns the question of whether the instant suit is barred by the doctrines of res judicata and collateral estoppel. Our review of the law convinces us that the trial court properly disposed of the motion and, therefore, we shall affirm on the able and well-reasoned opinion of Judge JOHN H. BRYDON, A.D. No. 86-096, Book 127, page 379, filed October 30, 1986 and published at 44 Pa. D. & C. 3rd 98 (1987). Judge BRYDON held, in summary, that the case of *Presbytery of Beaver-Butler of the United Presbyterian Church in the U.S.A. v. Middlesex Presbyterian Church,* 507 Pa. 255, 489 A.2d 1317 (1985), which action determined the ownership of the church property here in question, was a bar to the instant proceedings.[1]

ORDER

NOW, November 18, 1987, the order of the Court of Common Pleas of Butler County in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[1] We wish to make it clear that the scope of our order includes all parties, both those specifically named in the caption and those covered by the phrase "et al."